162 So. 123

## In re OPINION OF THE JUSTICES.
### No. 32.

Supreme Court of Alabama.
June 18, 1935.

C. R. Shannon, of Mobile, contra.

June 10, 1935.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama:

Gentlemen: As Governor of Alabama, I desire the opinion of the Supreme Court of Alabama on the following constitutional questions involving the constitutionality of the provisions of House Bill No. 97, copy of which is hereto attached.

This request is made under the authority of Section 10290, Code of Alabama of 1923, and Section 10291 as amended by Acts of 1927, page 103.

1. Is the title to the bill sufficiently comprehensive under and in compliance with Section 45 of the Constitution of Alabama?

2. Is the bill a valid exercise by the legislature of the police power of the State?

3. Does the bill or any section thereof violate the due process clause of Section 1 of the 14th Amendment to the Constitution of the United States?

(a) Does the bill, or any section thereof violate the due process clause of Section 1 of the 14th Amendment to the Constitution of the United States in failing to provide for due notice and hearing?

(b) Does the bill, or any section thereof, violate the due process clause of Section 1 of the 14th Amendment to the Constitution of the United States in failing to provide for a judicial hearing before a constituted judicial tribunal of the State?

(c) Does the bill, or any section thereof, violate the due process clause of Section 1 of the 14th Amendment to the Constitution of the United States in failing to provide for the right of appeal to or review by the constituted judicial tribunals of the State?

4. Is the bill based upon a reasonable classification in failing to include all individuals in the State suffering from the disabilities and causes enumerated whether confined in one of the institutions named or not, within the purview of Section 1 of

the 14th Amendment to the Constitution of the United States?

5. Is the bill, or any part of it, penal in its nature and does it, or any part of it, violate Section 15 of the Bill of Rights prohibiting cruel and unusual punishment?

Briefs as to the constitutionality and unconstitutionality of said House Bill No. 87 are also enclosed herewith.

Respectfully,

Bibb Graves,
Governor.

A Bill To Be Entitled An Act to authorize and provide for the sterilization of particular types of mental disease, insane, epileptic, mentally deficient, criminal and delinquent persons in the State of Alabama, to provide and define method of obtaining authority in each case and by whom authority is to be granted, to define and name method of sterilization and to designate by whom expenses of such sterilization are to be borne, and protecting against civil or criminal prosecution persons legally participating in the execution of the provisions of this Act.

Be It Enacted by the Legislature of Alabama:

Section One:—Before any person, who has been lawfully committed to any hospital for insane in the State of Alabama, shall be released or discharged therefrom, and who is, or has been, in the opinion of the superintendent of such hospital, afflicted with mental disease which may have been inherited, or which in the opinion of such superintendent is likely to be transmitted to descendants, such as the various grades of mental deficiency, those suffering from perversions, constitutional psychopathic personalities or marked departures from normal mentality, the superintendent of such institutions shall, in his discretion, after a careful investigation of all the available history, circumstances, facts and symptoms of the case, cause such person to be sterilized or rendered incapable of propagation, whether with or without the consent of the patient, or his or her relatives.

Section Two:—Before any person, who has been lawfully committed to any institution for mental deficients or feeble-minded in the State of Alabama, shall be released or discharged therefrom, and who is or has been, in the opinion of the superintendent of such institution, afflicted with mental deficiency of any grade which may have been inherited or which, in the opinion of such superintendent, is likely to be transmitted to descendants, such mental deficient may be sterilized or rendered incapable of propagation with or without his or her consent or the consent of his or her relatives, when such sterilization is deemed advisable by the superintendent of such institution after an investigation has been made of all of the available history, circumstances, facts and symptoms of the case.

Section Three:—Whenever in the unanimous or majority opinion of a commission composed of the Chief Medical Officer of the Convict Department, or his delegated medical representative, the State Health Officer of Alabama, or his delegated medical representative, and the Superintendent of the Alabama Insane Hospitals, or his delegated representative from the medical staff of such hospitals, it may be conducive to the benefit of the physical, mental or moral condition of any sexual pervert, Sadist, homosexualist, Masochist, Sodomist, or any other grave form of sexual perversion, or any prisoner who has twice been convicted of rape, and who is lawfully confined in such State prison, to be sterilized, after the members of such commission have jointly examined into the particulars of the case, they may perform, or cause to be performed an operation for sterilization; provided, such operation shall not be performed until such commission has made report of the facts, with recommendation to the Governor of Alabama, that such operation be performed, and an order from the Governor permitting the performance of such operation has been obtained, a copy of such executive order shall be filed with the record of the case.

Section Four:—Before any convict lawfully committed to a State prison, who has been previously legally committed to any prison three times or more, or any recidivist, shall be dismissed or discharged from the custody of such prison, the Chief Medical Officer of the Convict Department shall carefully study all available family and personal history of said prisoner, and if there appears any ground for suspecting or believing that the case in question may be a repeating offender due to constitutional inferiority, mental or moral, or a constitutional moral degenerate, which tendency may be transmitted to his or her

progeny, such chief physician shall call in consultation the State Health Officer, or his delegated medical representative, and the Superintendent of the State Hospitals for Insane, or his delegated representative from the medical staff of said institutions, who together with said Chief Physician of the Convict Department, shall constitute a commission of three to investigate all of the facts and history in the case, and be authorized by unanimous or majority opinion, to recommend to the Governor that such convict should be sterilized, and said commission shall be authorized to sterilize, or cause to be sterilized, such convict; provided, that such sterilization operation on such convict shall not be performed until and after the Governor has issued an order authorizing such sterilization, a copy of which order shall be filed with the record in such case.

Section Five:—If the superintendent or person in charge of any reform school, industrial school, training school, or reformatory, maintained by the State of Alabama, or any such institution maintained by any County or municipal government within the State, for the care, custody and training of delinquents or dependents, may have reason to suspect or believe that any inmate of such institution is delinquent or dependent because of constitutional mental or moral deficiency or degeneracy which may be transmitted to offspring, such superintendent or person in charge shall report such belief or opinion to the Chairman of the Public Health Committee of the County Medical Society of the county in which such institution may be located, together with such data, facts and history as such opinion or belief may be based upon. Upon the receipt of such report, the chairman of such County Public Health Committee shall call together the members of said County Public Health Committee, who shall, after examination of such individual in connection with a study of the facts, history and circumstances of such case, by unanimous or majority opinion, be authorized to recommend the sterilization of such delinquent or dependent mental deficient, and shall be authorized to sterilize or cause to be sterilized such individual, provided, that before such sterilization can be authorized or performed, a copy of the report and data upon which such recommendation may be based, be submitted to the Superintendent of the Alabama Insane Hospitals by the Chairman of such County

Public Health Committee, and said chairman shall have obtained the written approval of the said Superintendent of the Alabama Insane Hospitals to such sterilization of such individual. Provided further, that in case the Superintendent of the Alabama Insane Hospitals approves the sterilization of such person, after a careful study of the report and recommendation of such County Public Health Committee, then the Chairman of such Public Health Committee shall issue a written notice, sent by registered mail, to such person, and in the case of a minor, to his or her parents, parent or guardian, notifying such person of the decision of such Public Health Committee; such person shall have the right, within thirty days from receipt of such notice, to file a written notice of appeal with said Chairman of such Public Health Committee and also with the Superintendent of the Alabama Insane Hospitals, and if written notice of an appeal is given, as herein provided, the Superintendent of the Alabama Insane Hospitals shall set the time and date for hearing the appeal, and said appeal shall be heard by the Superintendent of the Alabama Insane Hospitals, together with two members of his staff, to be selected by him, at the office of the Superintendent of the Alabama Insane Hospitals, and such person so making the appeal may present his or her evidence and be represented by physicians, surgeons, attorneys or anyone else he or she chooses, and said Superintendent, together with his assistants, after hearing the case as presented by such person and also as presented by the Public Health Committee of such county, shall decide upon the facts of the case as to the correctness of the decision of such Public Health Committee, and the decision of the Superintendent, together with his assistants, hearing the appeal must be unanimous, and said decision on the appeal shall be final; and in the event the Superintendent of the Alabama Insane Hospitals, together with his assistants, hearing the appeal, decide that such person should be sterilized, then the Superintendent of the Alabama Insane Hospitals shall issue an order to said Chairman of said Public Health Committee ordering the sterilization of such person.

Section Six:—If the Chairman of the County Public Health Committee of the County Medical Society of any county in the State of Alabama shall have his attention called to the existence in his coun-

ty of any mental deficient of any grade, or any person habitually and constantly dependent upon public relief or support by charity, in which such dependency may be due to mental deficiency which may be transmitted to offspring, it shall be his duty to call together the members of such County Public Health Committee, who shall constitute a board for the examination of such mental deficient, with all available history, facts and symptoms in such case, including family heredity of insanity, epilepsy and mental deficiency, and who shall be authorized by unanimous or majority opinion to recommend the sexual sterilization of such individual, and to sterilize or cause to be sterilized such individual, provided, that before such sterilization can be authorized or performed, a copy of the report and data upon which such recommendation may be based, be submitted to the Superintendent of the Alabama Insane Hospitals by the Chairman of such County Public Health Committee, and said Chairman shall have obtained the written approval of the said Superintendent of the Alabama Insane Hospitals to such sterilization of such individual; provided, that in such instances in which the hospital and surgical expenses incident to such sterilization operation are not promptly met or paid by relatives, guardians or other interested parties, the actual expenses, including reasonable medical and surgical fees, connected with such sterilization shall be defrayed out of the funds of such County, upon order of the County Board of Revenue or other body authorized to expend the funds of such county. Provided further, that in case the Superintendent of the Alabama Insane Hospitals approves the sterilization of such person, after a careful study of the report and recommendation of such County Public Health Committee, then the Chairman of such Public Health Committee shall issue a written notice, sent by registered mail, to such person, in the case of a minor, to his or her parents, parent or guardian, notifying such person of the decision of such Public Health Committee; such person shall have the right, within thirty days from receipt of such notice, to file a written notice of appeal with said Chairman of such Public Health Committee and also with the Superintendent of the Alabama Insane Hospitals, and if written notice of an appeal is given, as herein provided, the Superintendent of the Alabama Insane Hospitals shall set the time and date for hearing the appeal, and said appeal shall be heard by the Superintendent of the Alabama Insane Hospitals, together with two members of his staff, to be selected by him, at the office of the Superintendent of the Alabama Insane Hospitals, and such person so making the appeal may present his or her evidence and be represented by physicians, surgeons, attorneys or anyone else he or she chooses, and said Superintendent, together with his assistants, after hearing the case as presented by such person and also as presented by the Public Health Committee of such county, shall decide upon the facts of the case as to the correctness of the decision of such Public Health Committee, and the decision of the Superintendent, together with his assistants, hearing the appeal must be unanimous, and said decision on the appeal shall be final; and in the event the Superintendent of the Alabama Insane Hospitals, together with his assistants, hearing the appeal, decide that such person should be sterilized, then the Superintendent of the Alabama Insane Hospitals shall issue an order to said Chairman of said Public Health Committee ordering the sterilization of such person.

Section Seven:—The term sterilization as used in this act shall be construed to mean bilateral vasectomy or vaso-section or resection of the Vas Deferens in the male, and bilateral resection of the Fallopian Tubes or Oviducts in the female, or any other sterilization procedure accepted as invariably and universally effective by the medical profession as authorized by resolution adopted by the State Board of Health of Alabama.

Section Eight:—The necessary expenses to be incurred in effecting sterilization of inmates in institutions maintained by state, county or municipal funds or appropriations, shall be defrayed out of the funds appropriated or provided for the maintenance of such institution in each instance respectively, provided, that when such operation is to be performed, or other service in connection with the sterilization rendered, by persons already in the employ of such institutions in each instance no fee is to be charged or collected for this service, except reimbursement of actual expenses incident to performance of such duties as required in the carrying out of the provisions set forth in the foregoing sections of this act.

Section Nine:—Provided that this act shall not be construed to authorize the sterilization of any normal healthy person upon his or her own request, or upon the request of any relative or interested party, for the purpose of preventing child-bearing or propagation but only when based upon evidence of mental or moral degeneracy liable to be inherited, such evidence having been properly determined as set forth in the foregoing sections of this act.

Section Ten:—No physician, or surgeon, or other person or persons serving on any commission or board, or rendering any other service, or participating in any sterilization operation in compliance with the provisions of, or in carrying out the purpose of this act in accordance with its provisions, shall be liable to either civil or criminal prosecution in connection therewith.

Section Eleven:—Any section or part of this act being found to be unconstitutional or for any reason not effective or valid, shall in no way affect or render invalid any other section or part of this act.

Section Twelve:—That all acts or parts of acts in conflict with this act are thereby repealed.

Section Thirteen:—This act shall be in force and effect on and after its approval by the Governor of Alabama.

### Response of the Justices.

Hon. Bibb Graves, Governor of Alabama.

Dear Sir: Replying to your inquiry as to the constitutionality of House Bill 97, a copy being attached, we beg leave to state:

(1) We think that the title is sufficiently comprehensive as to the subject of the bill as to comply with section 45 of the Constitution of 1901.

(2) We think that the bill not only violates the Fourteenth Amendment of the Federal Constitution as to due process, but section 13 of the State Constitution. This last provision says: "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."

We think that the sterilization of a person is such an injury to the person as is contemplated by the quoted provision—just as much so as to deprive him of any other faculty, sense, or limb—and that due process of law means that this cannot be done without a hearing on notice before a duly constituted tribunal or board, and, if this is not a court, then with the untrammeled right of appeal to a court for a judicial review from the finding of the board or commission adjudging him a fit subject for sterilization. This right the bill in question denies, or does not preserve; hence is unlike the Virginia statute (Acts 1924, c. 394) dealt with and upheld in the case of Buck v. Bell, 274 U. S. 200, 47 S. Ct. 584, 71 L. Ed. 1000; Id., 143 Va. 310, 130 S. E. 516, 51 A. L. R. 855.

(3) We do not doubt the police power of the state to provide for the sterilization of the subjects enumerated in the bill when the proper method is prescribed for the ascertainment or adjudication of their status, or that, when such status is legally ascertained, sterilization will not amount to such cruel and unjust punishment as is prohibited by the Constitution.

Respectfully,

JNO. C. ANDERSON
Chief Justice.
LUCIEN D. GARDNER
WILLIAM H. THOMAS
VIRGIL BOULDIN
JOEL B. BROWN
ARTHUR B. FOSTER
THOMAS E. KNIGHT
Associate Justices.