Ricky **WYATT, By and Through his aunt and legal guardian Mrs. W. C. Rawlins, Jr., et al., Plaintiffs,**

v.

Charles **ADERHOLT, as Commissioner of Mental Health and The State of Alabama Mental Health Officer, et al., Defendants,**

**United States of America et al., Amici Curiae.**

**Civ. A. No. 3195–N (B).**

United States District Court,
M. D. Alabama, N. D.

Dec. 20, 1973.

George W. Dean, Jr., Destin, Fla., Jack Drake, Drake, Knowles & Still, Tuscaloosa, Ala., for plaintiffs.

William J. Baxley, Atty. Gen., State of Alabama, Robert L. Humphries, Asst.

Atty. Gen., State of Alabama, Montgomery, Ala., for defendants.

Ira DeMent, U. S. Atty., Middle District of Alabama, Kenneth E. Vines, Asst. U. S. Atty., Middle District of Alabama, Montgomery, Ala., Michael S. Lottman, and Diane S. Dorfman, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for amicus the United States.

Charles R. Halpern, Washington, D. C., Paul Friedman, and Bruce J. Ennis (Mental Health Law Project), New York City, James F. Fitzpatrick and Jeffrey D. Bauman, Arnold & Porter, Washington, D. C., for amici American Orthopsychiatric Assn., American Psychological Assn., and American Civil Liberties Union.

Before RIVES, Circuit Judge, JOHNSON, Chief District Judge, and VARNER, District Judge.

## OPINION AND ORDER

PER CURIAM.

The plaintiffs filed on July 25, 1973 a document styled "Amended Complaint or Alternatively Motion for Further Relief," in which they prayed for an injunction enjoining the enforcement of the following statute of the State of Alabama:

"§ 243. *Treatment of inmates prescribed by assistant.*—The assistant with the advice and consent of the superintendent shall prescribe for the treatment of the inmates of the home, and if after consultation with the superintendent, they deem it advisable they are hereby authorized and empowered to sterilize any inmate."

Tit. 45, Code of Ala., Recomp.1958.

Pursuant to 28 U.S.C. § 2281, this three-judge court was appointed to decide whether an injunction should be granted restraining the enforcement of that statute.

The defendants insist that they have never relied on that statute as authorization for performing sterilization oper-

ations, and the uncontradicted evidence so shows.

The position taken by the United States is indicated by footnote 6 to its brief:

"The fact that defendants contend, and the evidence tends to show, that the challenged statute has not been used as a basis for sterilization of Partlow residents raises a question as to whether, without an imminent threat of enforcement, the constitutionality of a State statute may be adjudicated, or its enforcement enjoined, by a Federal court. Poe v. Ullman, 367 U.S. 497 [81 S.Ct. 1752, 6 L.Ed.2d 989] (1961). However, the instant case presents special circumstances which would distinguish it from the factual situation in *Poe*. Members of the plaintiff class are confined at Partlow; sterilizations are being performed, at a gradually increasing rate; and though it is claimed that the statute is not the basis for the Partlow procedures, no other authority is cited. Moreover, in requesting the Court to promulgate standards which must be followed in future sterilizations, the plaintiffs in effect are seeking to enjoin the operation of the challenged statute, since the proposed standards and the statute are necessarily in conflict."

An injunction is not necessary, but by way of extreme precaution to protect the inmates of Partlow State School and Hospital, we do formally declare that the statute is clearly and obviously unconstitutional. The sterilization *vel non* of mentally retarded inmates cannot be left to the unfettered discretion of any two officials or individuals. Further, the statute contains no provision for notice, hearing or any other procedural safeguard. *Cf.* Buck v. Bell, 1927, 274 U.S. 200, 207, 47 S.Ct. 584, 71 L.Ed. 1000; In re Opinion of the Justices, 230 Ala. 543, 162 So. 123.

With this declaration of the unconstitutionality of the Alabama statute, the three-judge court has performed its es-sential function. It is therefore ordered and adjudged that the three-judge district court be and the same is hereby dissolved.