Ricky **WYATT**, By and Through his aunt and legal guardian Mrs. W. C. Rawlins, Jr., et al., Plaintiffs,

v.

Charles **ADERHOLT**, as Commissioner of Mental Health and the State of Alabama Mental Health Officer, et al., Defendants,

United States of America et al., Amici Curiae.

Civ. A. No. 3195–N (B).

United States District Court, M. D. Alabama, N. D.

Jan. 8, 1974.

---

## ORDER

**JOHNSON, Chief Judge.**

On December 20, 1973, the three-judge court in Wyatt v. Aderholt, D.C., 368 F. Supp. 1382, declared that Tit. 45, § 243, Code of Alabama, is unconstitutional. As a consequence of that action, the three-judge feature of this case is now complete and that court has been dissolved. However, since it appears that sterilization continues to be performed in certain instances by the state health authorities, it is necessary that this Court promulgate adequate standards and procedural safeguards to insure that all future sterilizations be performed only where the full panoply of constitutional protections has been accorded to the individuals involved. Accordingly, it is ordered that the following standards be and they. are hereby adopted and ordered implemented from this date for the sterilization of mentally retarded residents of the state retardation facilities:

1. (a) "Sterilization," as used in these standards, means any medical or surgical operation or procedure which results in a patient's permanent inability to reproduce.

(b) A determination that a proposed sterilization is in the best interest of a resident, as referred to in these standards, must include a determination that no temporary measure for birth control or contraception will adequately meet the needs of such resident, and shall not be made on the basis of institutional convenience or purely administrative considerations.

2. No resident who has not attained the chronological age of 21 years shall be sterilized except in cases of medical necessity as determined in accordance with the procedures set forth below. No other resident shall be sterilized except in accordance with procedures set forth below.

3. No resident shall be sterilized unless such resident has consented in writing to such sterilization. Except as set forth below, such consent must be informed, in that it is (a) based upon an understanding of the nature and consequences of sterilization, (b) given by a person competent to make such a decision, and (c) wholly voluntary and free from any coercion, express or implied. It shall be the responsibility of the Director of the Partlow State School (with the assistance of employees or officials designated by him) to provide the resident with complete information concerning the nature and consequences of sterilization, to assist the resident in comprehending such information, and to identify any barriers to such comprehension.

4. The Director shall prepare a report evaluating the resident's understanding of the proposed sterilization and describing the steps taken to inform the resident of the nature and consequences of sterilization. If the resident has been determined by a court of competent jurisdiction to be legally incompetent, or if the Director cannot certify without reservation that the resident understands the nature and consequences of sterilization, the sterilization shall not be performed unless (a) the Director sets forth reasonable grounds for believing that such sterilization is in the best interest of the resident; (b) the Review Committee described below approves such sterilization; and (c) it is determined by a court of competent jurisdiction that such sterilization is in the best interest of the resident.

5. No sterilization shall be performed without the prior approval of a Review Committee formed in accordance with this paragraph. The Review Committee shall consist of five members, and shall be selected by the Partlow Human

Rights Committee and approved by the Court. The members shall be so selected that the Committee will be competent to deal with the medical, legal, social, and ethical issues involved in sterilization; to this end, at least one member shall be a licensed physician, at least one shall be a licensed attorney, at least two shall be women, at least two shall be minority group members, and at least one shall be a resident of the Partlow State School (the foregoing categories are not mutually exclusive). No member shall be an officer, employee, or agent of the Partlow State School, nor may any member be otherwise involved in the proposed sterilization.

Any fees or costs incurred by reason of services performed by the Review Committee, including reasonable fees for the physician and the attorney, shall be paid by the Alabama Department of Mental Health upon a certification of reasonableness by the Partlow Human Rights Committee.

6. Prior to approving the proposed sterilization of any resident, the Review Committee shall:

(a) Review appropriate medical, social, and psychological information concerning the resident, including the report of the Director prepared pursuant to paragraph 4;

(b) Interview the resident to be sterilized;

(c) Interview concerned individuals, relatives, and others who in its judgment will contribute pertinent information;

(d) Determine whether the resident has given his or her informed consent to the sterilization, or, if the resident is legally incompetent or the Director cannot certify without reservation that the resident understands the nature and consequences of sterilization, whether the resident has formed, without coercion, a genuine desire to be sterilized. In making such determination, the Review Committee shall take into consideration, *inter alia*, the report prepared by the Director pursuant to paragraph 4 and the interview required by paragraph 6(b).

(e) Determine whether the proposed sterilization is in the best interest of the resident.

If the Review Committee does not reach an affirmative determination as to the matters set forth in paragraphs 6(d) and (e), it shall not approve the proposed sterilization. Any doubts as to such matters shall be resolved against proceeding with sterilization.

7. Residents shall be represented throughout all the procedures described above by legal counsel appointed by the Review Committee from a list of such counsel drawn up by the Partlow Human Rights Committee and approved by the Court. Such counsel shall, *inter alia*, ensure that all considerations militating against the proposed sterilization have been adequately explored and resolved. No such counsel shall be an officer, employee, or agent of the Partlow State School, nor may such counsel be otherwise involved in the proposed sterilization.

8. The Review Committee shall maintain written records of its determinations and the reasons therefor, with supporting documentation. Such records shall be available for examination by the Partlow Human Rights Committee, the Court, and counsel of record in this cause. The Review Committee shall report in writing at least monthly to the Human Rights Committee, the Court, and counsel of record in this cause as to the number and nature of sterilizations approved and disapproved, the procedures employed in approving or disapproving such sterilizations, the reason for determining that such sterilizations were in the best interest of the residents involved, the number and nature of proposed sterilizations referred to courts of competent jurisdiction, and all other relevant information. The identity of residents sterilized or to be sterilized shall not be disclosed in such reports.

9. There shall be no coercion in any form with regard to sterilization of any

resident. Consent to sterilization shall not be made a condition for receiving any form of public assistance, nor may it be a prerequisite for any other health or social service, or for admission to or release from the Partlow State School. Any individual having knowledge of coercion of any resident with regard to sterilization shall immediately bring such matter to the attention of the Partlow Human Rights Committee, the Court, or counsel of record in this cause.

It is further ordered that the defendants, their agents, employees and those acting in concert with them be and each is hereby enjoined from failing to implement the standards hereinabove set out for the sterilization of mentally retarded residents of the Alabama retardation facilities.