725 P.2d 1101

**Dan L. SMITH and Tracy L. Smith, Petitioners,**

**v.**

**The SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF COCONINO, Hon. H. Jeffrey Coker, Division III, a Judge thereof, Respondent,**

**and**

**STATE of Arizona, ex rel. John VERKAMP, Coconino County Attorney, Real Party in Interest.**

**No. CV 86–0108 SA.**

Supreme Court of Arizona, In Banc.

Sept. 11, 1986.

Aspey, Watkins & Diesel by Bruce S. Griffen, and Ratner & Walsh by Michelle Ratner, Flagstaff, for petitioners.

John Verkamp, Coconino Co. Atty., by Fred Newton, Deputy Co. Atty., Flagstaff, for real party in interest.

CAMERON, Justice.

This special action challenges the action of Coconino County Superior Court Judge H. Jeffrey Coker in imposing conditions on the sentencing of defendants in a child

abuse case. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(1) and Rules 4 and 7, Ariz.R.P.Spec. Act., 17A A.R.S.

We must answer only one question: whether the trial judge had the jurisdiction to require that the defendants be sterilized as a condition of a reduced sentence.

The facts necessary for a determination of this matter are as follows. Justin Smith was born in February 1984 to Dan and Tracy Smith, defendants. At nine months, he was diagnosed as suffering from a viral infection causing dehydration, diarrhea and fever. An electrolyte solution was prescribed. A few days later, on 22 December, the defendants reported that they discovered Justin dead in his crib after Tracy came home from her night shift and Dan awoke for his day shift. A pathologist found that the baby was in the initial stages of decomposition. Justin had not been fed or given liquids for several days. In the pathologist's opinion, death was the result of dehydration occurring one to two days earlier.

Defendants were indicted for class 4 felony child abuse (intentional). They pleaded not guilty to the charge. Later, the judge approved defendants' request for a change of plea to No Contest as part of a plea agreement reducing the charge to a class 5 felony (criminal recklessness). The trial court found that on the day of the alleged death, Tracy Smith slept all day and left for work without checking the baby. The court noted, "Justin died slowly in great pain and alone. Either no one heard or no one cared about his screams for help." The court found that Tracy Smith had also neglected a child from a previous marriage. At sentencing, on 24 February 1986, the trial judge found substantial aggravating circumstances and sentenced each defendant to the maximum 2.5 year term of imprisonment. He informed the defendants, however, that if they agreed to voluntary sterilization at their expense, he would reduce the sentence to one and one half years.

The Smiths brought this special action alleging that the option was illegal and unconstitutional. We stayed all further proceedings pending a hearing in this court. Hearing on the petition was held on 1 April 1986, after which we accepted jurisdiction and vacated "the condition imposed by the respondent judge" with "opinion to follow." [1]

Defendants contend that the court lacked jurisdiction to impose the condition of sterilization because there is no statutory authority under the sentencing provisions of Title 13, A.R.S. A.R.S. § 13-603(A) states: "every person convicted of any offense defined in this title or defined outside this title shall be sentenced in accordance with this chapter and chapters 7, 8 and 9 of this title *unless otherwise provided by law.*" A.R.S. § 13-603(A) (footnote omitted) (emphasis added). Chapters 6 through 9 of Title 13, A.R.S. concern classification of offenses and offenders, imprisonment, fines, and probation. Nothing in these statutes specifically allows the court to require sterilization as a condition of sentencing.

The trial judge asserts, however, that just as there is no specific statute authorizing the sterilization option, neither is there a statute prohibiting this action. A.R.S. § 13-702(E)(5) states:

> E. For the purpose of determining sentence pursuant to § 13-710 and subsections A and B of this section [mitigation and aggravation of class 2 through 6 felonies], the court shall consider the following mitigating circumstances:
>
> * * * * * *
>
> 5. Any other factors which the court may deem appropriate to the ends of justice.

It has been stated that it is difficult to formulate language granting a wider range of discretion. *Cf. State v. Meador*, 132 Ariz. 343, 348, 645 P.2d 1257, 1262 (Ct.App. 1982) (similar language in § 13-702(D)(9)

1. On remand the defendants were sentenced on 26 June 1986, to two years for the crime of child abuse, a class 5 felony, A.R.S. § 13-3623(C)(2) and §§ 13-701, -707, -801.

grants wide discretion in consideration of aggravating circumstances). In this case, had the defendants voluntarily sterilized themselves, the trial court could have legitimately taken that fact into consideration in sentencing the defendants. The question before this court, however, is whether this statute allows the trial court to require sterilization as a condition of a lesser sentence?

The power of the courts to order sterilization has been recognized in other jurisdictions:

> Compulsory sterilization to prevent the procreation of offspring likely to inherit mental and physical defects of their parents originated as a consequence of a sterilization movement that reached its heyday in the United States during the early 1900's.... Indiana finally enacted the first compulsory eugenic sterilization law in 1907, under which sterilization of confirmed criminals, idiots, imbeciles, and rapists in state institutions, when recommended by a board of experts, was made mandatory. Fifteen other states passed similar measures by 1917, 32 states had enacted such legislation by 1942, but by 1968 the total had dropped to 27 states retaining eugenic sterilization laws. Even before these laws were enacted, some "overly zealous" prison and asylum wardens sterilized inmates.
>
> In the United States between 1907 and 1963, approximately 12,500 sexual sterilizations were performed....

Annotation, "Validity of Statutes Authorizing Asexualization or Sterilization of Criminal or Mental Defectives", 53 A.L.R.3d 960, 963–64 (1973) (footnotes omitted).

These cases were based on the perceived need to prevent the birth of defective persons who would become a burden upon society. The landmark case of *Buck v. Bell,* 274 U.S. 200, 47 S.Ct. 584, 71 L.Ed. 1000 (1927), upheld a Virginia statute permitting eugenic sterilization. The rationale was stated by Justice Holmes as, "[t]he principle that sustains compulsory vaccination is broad enough to cover cutting the Fallopian tubes. Three generations of imbeciles are enough." 274 U.S. at 207, 47 S.Ct. at 585, 71 L.Ed. at 1002 (citation omitted). *See also Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

We believe the instant case can be distinguished. First, there is no indication that children born to the defendants would be mentally defective. Society needs no protection from the birth of defendants' children. The court found that if these defendants had a child, in all likelihood, it would be abused. The record supports that finding. The sterilization ordered herein was to protect future children from abuse and not society from defective children.

Second, unlike the specific statutory provisions allowing sterilization in the above cited cases, there is no specific statute which allows the court to require sterilization as a condition of sentencing. We believe that however well motivated the trial court, such an important and conclusive step should not be taken without specific statutory authorization.

> [T]here is persuasive authority that a court, at least when ordering the extreme remedy of sterilization, must have *specific legislative or common-law authority* for doing so. *See Sparkman v. McFarlin,* 552 F.2d 172, 175–76 (7th Cir. 1977); *Wade v. Bethesda Hosp.,* 337 F.Supp. 671, 673–74 (S.D.Ohio 1971). *See also Gregory v. Thompson,* [500 F.2d 59, 62 n. 2 (9th Cir.1974)].

*Briley v. California,* 564 F.2d 849, 857 (9th Cir.1977).

Admittedly, there is a minority view authorizing sterilization of incompetents without specific statutory authority. *Wyatt v. Aderholt,* 368 F.Supp. 1383 (M.D.Ala.1974); *In re C.D.M.,* 627 P.2d 607 (Alaska 1981); *In re Guardianship of Hayes,* 93 Wash. 228, 608 P.2d 635 (1980). The California Supreme Court has gone so far as to invalidate a specific statute prohibiting sterilization. *Conservatorship of Valerie N.,* 40 Cal.3d 143, 154, 707 P.2d 760, 771–72, 219 Cal.Rptr. 387, 404 (1985). The court upheld a decision of conservators to sterilize a

developmentally disabled girl. *Id.* at 160, 707 P.2d at 777, 219 Cal.Rptr. at 399. The only criminal case authorizing sterilization without specific statutory authority is *People v. Blankenship,* 16 Cal.App.2d 606, 265 P.2d 352 (1936) (upholding sterilization as a condition of probation of a defendant afflicted with syphillis who pled guilty to rape of a child). However, we note that this case has been called dubious authority and impliedly overruled in *People v. Dominquez,* 256 Cal.App.2d 623, 627–29, 64 Cal. Rptr. 290, 293–95 (1967). *See also Guardianship of Kemp,* 43 Cal.App.3d 758, 763, 118 Cal.Rptr. 64, 69 (1974).

More recent cases have held that sterilization should not be allowed absent a specific statute authorizing such procedure. This appears to be the majority view. *See In re C.D.M.,* 627 P.2d at 607; *Guardianship of Tulley,* 83 Cal.App.3d 698, 700, 146 Cal.Rptr. 266, 268 (1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979); Annotation, "Jurisdiction of Court to Permit Sterilization of mentally Defective Person in Absence of Specific Statutory Authority," 74 A.L.R.3d 1210, 1212 (1976).

We hold that the respondent judge exceeded his jurisdiction in ordering sterilization as a condition of a lesser sentence. We agree with the majority of cases that such a serious and far reaching act should not be required by the court without a specific statutory or constitutional authorization.

Relief granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.